# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Jeremy S. STRICKLAND

## Seaman, U.S. Coast Guard

## CGCMG 0153

## Docket No. 1121

## 29 March 2000

General Court-Martial convened by Commander, Maintenance & Logistics Command Atlantic. Tried at Norfolk, Virginia on March 10, 1999.

Military Judge: CAPT Robert Bruce, USCG

Trial Counsel: LCDR Chris P. Reilly, USCG

Assistant Trial Counsel: LTJG Patrick M. Flynn, USCGR

Civilian Defense Counsel James J. Wegmann, Esquire

Detailed Defense Counsel LT Roger S. Wilson, JAGC, USNR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LCDR Chris P. Reilly, USCG

## BEFORE

## PANEL FIVE

## BAUM, WESTON & McCLELLAND,

Appellate Military Judges

PER CURIAM:

Appellant was tried by a general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of stealing an armed forces identification card in violation of Article 121 of the Uniform Code of Military Justice (UCMJ); one specification of sodomy with a child under the age of sixteen years in violation of Article 125, UCMJ; one specification of indecent acts with a female under the age of sixteen years, and one specification of wrongful use of another s military identification card in violation of Article 134, UCMJ. Appellant was sentenced to a bad conduct discharge (BCD), confinement for ten months, forfeiture of all pay and allowances, and reduction in grade to E-1. This sentence, which was less than the maximum permitted by the pretrial agreement, was approved by the Convening Authority and further mitigated by a suspension of confinement in excess of nine months.

The record reveals that Appellant enlisted in the Coast Guard at age eighteen, after graduating from high school. Less than a year later, at the age of nineteen, he was introduced to a young woman who was the friend of his landlady s daughter. A friendship with this fourteen-year-old girl quickly developed into a mutually-agreed-upon sexual relationship involving reciprocal acts of oral sex, despite counseling of Appellant by friends, superiors, and the girl s parents to avoid romantic involvement because of her youth. At about the same time, Appellant stole a military ID card belonging to a twenty- one-year-old Coast Guardsman and used it to gain entry to bars and to purchase alcohol.

Appellant has assigned one error for review by this court: that the sentence as approved by the Convening Authority is inappropriately severe. Appellant notes that he will be required by his home state of Utah to register as a "child sex offender" for a minimum of 10 years and that his conviction as a "child sex offender," in combination with the BCD, will carry a lifetime burden of impaired employment opportunities, all for his "admittedly foolish, limited sexual liaison [with a 14-year-old young woman] and the opportunistic misuse of an ID card." (Assignment of Errors at 5). He submits that this sentence is disproportionately harsh in light of the testimony from Coast Guard supervisors as to his contribution to the Coast Guard, his rehabilitative potential and his ability to continue contributing to the Coast Guard.

We have taken into consideration all the points raised by Appellant, including that he was just an immature teenager when he committed these offenses. However, despite his good record with the Coast Guard, together with other ameliorating factors presented, and notwithstanding the collateral consequences flowing from the conviction and sentence, we cannot say that this sentence for these offenses is inappropriately severe. Consequently, Appellant s assignment of error is rejected. We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court,

//s//

James P. Magner
Clerk of the Court